

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

Docket No. 02-CR-855 (E.R.K.)

UNITED STATES


– v –


JAIME FERNANDEZ ALACRON

------------------------------------------------------------x


FOURTH SUPPLEMENTAL
SENTENCING MEMORANDUM
ON BEHALF OF
JAIME FERNANDEZ ALACRON

HARRY C. BATCHELDER, JR.
Counsel for Jaime Fernandez Alacron
40 Wall Street
61st Floor
New York, New York 10005-1338
212-530-4480

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

Docket No. 02-CR-855 (E.R.K.)

UNITED STATES

- v -

JAIME FERNANDEZ ALACRON

----------------------------------------------------------x

## **Facts**

During the recent sentencing proceedings conducted by this Court on January 14,

2005, the role of Jaime Fernandez Alacron became substantially clearer than it was at the

time of my initial presentations on his behalf.

It is clear beyond a shadow of a doubt that Luis Fernando-Baisa, who a

reasonable case can be made that both of his brothers were killed as a result of the

underlying drug transaction, which led to this indictment, was the moving critical force in

bringing these events to pass.

The position advanced by counsel for Baisa was that one brother was assassinated

on June 1, 2002 and that prior to that date Baisa's brother's partner was shot several

times but remarkably survived. Commonsense dictates that, undoubtedly, the murders

were directly connected to the collection of the drug debt which was the subject of this

case (SM – 4).[1]  Additionally, subsequent to the murder and attempted assassination, the family received death threats (SM – 5).  Despite the Government protestations that the murders and threats are not related less than rhetorically, what investigation have they conducted to prove otherwise and what other motive would form the genesis for this type of conduct?  Commonsense dictates a causal connection between the murders and the missing drugs.

During the sentencing, it was revealed that the genesis of the events covered by the indictment was, that by chance, Luis Fernando Baisa was in the United States and the Government informant knew the partners of Baisa's deceased brother.  Baisa advises the informant that the drugs were lost and because of events pertaining to his family in Colombia he was desperate.  The informant puts him in touch with Camilo (LNU) who was wheel chair ridden and also a Government informant and Camilo magnanimously agrees to "take are of this" for thirty percent of the recovery (SM – 5-6).  Camilo then gets the low level people involved, one of whom is Jaime Fernandez Alacron (SM – 6).  It was Camilo's decision to recruit the lower level people and his decision to get the guns (SM – 6).  What happened subsequently is of some dispute, but counsel urges that Mr. Alacron was the least culpable of the four (SM – 6).

In a macabre portion of the sentencing hearing counsel for Baisa indicated that yet a third brother was killed outside his premises in November.  Counsel for the Government, always elastic to find coincidence when it suits its purpose and equally as adroit when it does not indicate, there was no connection to the events taking place in the courtroom. Anyone blessed with even an ounce of commonsense might vehemently

---

[1] (SM) refers to the sentencing minutes of Luis Fernando Baisa that took place before this Court on January 14, 2005.

disagree. See e.g. (SM – 7-8).[2] The Court sentenced Mr. Baisa to 120 months on the kidnapping and sixty months consecutive on the gun charge for a total of 180 months with deportation.

Counsel will not belabor what Crosby presages for the future, but comparative sentencing is not dead! I am puzzled by the ranges contained in the plea agreement, given what we now know, as to the relative roles of the defendants Mr. Alacron's sentencing range is wildly divorced from the established facts supporting these criminal charges.

## Conclusion

JAIME FERNANDEZ ALACRON SHOULD BE SENTENCED TO A TERM OF IMPRISONMENT DRAMATICALLY REDUCED FROM THAT OF DEFENDANT BAISA.

Dated: March 18, 2005
New York, New York

Respectfully submitted:

HARRY C. BATCHELDER, JR.
Counsel for Jaime Fernandez Alacron
61st Floor
40 Wall Street
New York, New York 10005-1338
212-840-4480

---

[2] It is clear Baisa was deeply involved in the shipment of the 56 kilograms slated to arrive from Colombia. It is equally clear that Alacron , even if he subsequently learned about the shipment, had nothing to do with the importation. How could he? The seizure took place well before his involvement.

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                         )     :ss
COUNTY OF NEW YORK  )

      **HARRY C. BATCHELDER, JR.**, being duly sworn deposes and says: deponent is not a party to the action, is over 18 years of age and has offices at 40 Wall Street, Sixty-First Floor, New York, NY 10005-1338. On March 18, 2005, he served the within Supplemental Sentencing Memorandum made on Behalf of Tunde Adeyi on the following:

Assistant United States Attorney
Caren Myers
Office of United States Attorney
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201

      The said address(es) designated by the parties for that purpose by depositing the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

                                                    **HARRY C. BATCHELDER, Jr.**

Sworn to before me this
18th day of March, 2005

           - Notary Public -